UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
RATES TECHNOLOGY, INC.,

                       Plaintiff(s),                  **ORDER**
                                                   CV 05-3583  (DRH) (WDW)

        -against-

CABLEVISION SYSTEMS CORPORATION,

                       Defendant(s).
--------------------------------------------------------X
**WALL, Magistrate Judge:**

Before the court is defendant Cablevision System Corporation's ("Cablevision") motion to compel responses to document demands and interrogatories.  Docket Entry ("DE") #40. Specifically, Cablevision seeks any licenses, settlement agreements, covenants not to sue, and other agreements between plaintiff Rates Technology Inc. ("RTI") and various non-parties concerning one or both of the patents at issue in this case.  RTI opposes the motion, primarily on the ground that such information would ultimately be inadmissible under Rule 408 of the Federal Rules of Evidence.  For the reasons stated below, the motion is GRANTED.

RTI seeks relief from Cablevision's alleged infringement of two United States patents held by RTI, and alleges $2.85 billion in damages.  In this motion, Cablevision seeks to compel production of various agreements between RTI and non-parties concerning use of the same patents.  RTI opposes the production of the materials on the grounds that the information sought is inadmissible pursuant to FRE 408.  It does not claim that the content of the agreements is in any way privileged.

The Federal Rules state that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26 (b) (1).  To be

discoverable, the information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* This rule must be interpreted in line with the general purpose of discovery, which is to "provide both parties with information essential to proper litigation of all the facts." *Sackman v. Liggett Group, Inc.,* 173 F.R.D. 358, 361 (E.D.N.Y. 1997)(quoting *Mallinckrodt Chemical Works v. Goldman, Sachs & Co.,* 58 F.R.D. 348, 353 (S.D.N.Y. 1973)(citation omitted)).

The court finds that the materials sought are discoverable in that they may lead to the discovery of admissible evidence, and that RTI's reliance on FRE 408 is, at best, premature. During the course of this litigation, RTI has bolstered its claims that its patents are universally accepted by stating that "over 120 companies have been covered under" the patents, and that RTI has only had to litigate patent infringement claims "approximately 25 times out of some 740 covered companies." Hicks ltr. of 12/13/05 at 2, DE #21. Having raised this information to its benefit, RTI now seeks to bar inquiry into how or why those companies were "covered." Simply put, RTI cannot have it both ways.

The court takes no position on whether the information sought will be admissible at trial. FRE 408 states, in part, that evidence accepting "valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount." In its opposition papers, RTI repeatedly asserts that its agreements with non-parties are settlements and not licenses. Prior communications from RTI, however, characterize the agreements somewhat differently: "[o]ur past 'licensing' practice has been to grant Covenant Not To Sue ('CNS') agreements and not formal licenses, in exchange for one-time payments." Weinberger ltr., DE

#20-5.  It is possible that the documents at issue wouldn't be considered settlement materials under FRE 408.  *See, e.g., In re Mahurkar,* 831 F. Supp. 1354, 1378 (N.D. Ill. 1993) ("settlement of patent litigation may be functionally identical to a license").  Since discovery is ongoing and the question of admissibility is not currently before the court, it is premature to make a determination as to the nature of RTI's other "agreements."

Plaintiff shall, **by April 24, 2006**, produce all documents concerning any licenses, settlement agreements, covenants not to sue, or any other agreements concerning either or both of the patents at issue.  As the parties have not yet entered into a protective order in this case, the court adopts Cablevision's suggestion that all materials produced pursuant to this order be kept on an "outside counsel eyes only" basis.  The parties are free to incorporate additional language on the use of these materials as they prepare the protective order.


Dated:  Central Islip, New York            **SO ORDERED:**
        April 14, 2006


                                         /s/ William D. Wall
                                        WILLIAM D. WALL
                                       United States Magistrate Judge