UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RATES TECHNOLOGY INC.,

          Plaintiff,    **MEMORANDUM OF DECISION
                   AND ORDER**
       vs.         05-CV-3583 (DRH) (WDW)

CABLEVISION SYSTEMS CORP.,

          Defendant.

----------------------------------------------------------X
**A P P E A R A N C E S :**

**BURKE, WILLIAMS & SORENSEN LLP**
Attorney for Plaintiff
444 South Flower Street, Suite 2400
Los Angeles, CA 90071
By: James B. Hicks, Esq.

**LAZER, APTHEKER, ROSELLA & YEDID, P.C.**
Attorney for Plaintiff
Melville Law Center
225 Old Country Road
Melville, NY 11747
By: David Lazer, Esq.

**GOODWIN PROCTOR LLP**
Attorney for Defendant
599 Lexington Avenue
New York, NY 10022
By: Ethan Horwitz, Esq.
   Benjamin Hershkowitz, Esq.
   Anastasia M. Fernands, Esq.
   John F. Petrsoric, Esq.

**HURLEY, District Judge:**

   Plaintiff Rates Technology Inc. ("Plaintiff") has filed an objection to an Order of

Magistrate Judge William Wall, dated April 14, 2006. For the reasons that follow, Plaintiff's

objection is denied and the Order is affirmed in its entirety.

## BACKGROUND

Plaintiff filed this patent infringement case on July 29, 2005, alleging, inter alia, that the sale of Optimum Voice, Optimum Online VoIP and voice messaging services by Cablevision Systems Corp. ("Defendant") infringed upon two of Plaintiff's patents. Plaintiff seeks actual damages in the amount of $950 million and requests trebling to $2.85 billion under 35 U.S.C. § 284.

On April 11, 2006, Defendant filed a motion to compel responses to document demands and interrogatories. Specifically, Defendant sought an order directing Plaintiff to produce any licenses, settlement agreements, covenants not to sue, and other agreements between the Plaintiff and various non-parties concerning both of the patents at issue in this case. Plaintiff opposed the motion, primarily on the ground that discovery of such information would ultimately be inadmissible under Federal Rules of Evidence ("FRE") 408. Plaintiff did not claim that the content of the agreements was in any way privileged.

On April 14, 2006, Judge Wall granted Defendant's motion. It is this order which is the subject of the instant objection. The order provides in pertinent part as follows:

> The court finds that the materials sought are discoverable in that they may lead to the discovery of admissible evidence, and that [Plaintiff's] reliance on FRE 408 is, at best, premature. During the course of this litigation, [Plaintiff] has bolstered its claims that its patents are universally accepted by stating that "over 120 companies have been covered under" the patents, and that [Plaintiff] has only had to litigate patent infringement claims "approximately 25 times out of some 740 covered companies." Having raised this information to its benefit, [Plaintiff] now seeks to bar inquiry into how or why those companies were "covered." Simply put, RTI cannot have it both ways.
>
> The court takes no position on whether the information sought will be admissible at trial. FRE 408 states, in part, that evidence accepting "valuable consideration in compromising or attempting

2

> to compromise a claim which was disputed as to either validity or
> amount, is not admissible to prove liability for or invalidity of the
> claim or its amount." In its opposition papers, [Plaintiff]
> repeatedly asserts that its agreements with non-parties are
> settlements and not licenses. Prior communications from RTI,
> however, characterize the agreements somewhat differently: "[o]ur
> past 'licensing' practice has been to grant Covenant Not To Sue
> ('CNS') agreements and not formal licenses, in exchange for one-
> time payments." It is possible that the documents at issue
> wouldn't be considered settlement materials under FRE 408.
> Since discovery is ongoing and the question of admissibility is not
> currently before the court, it is premature to make a determination
> as to the nature of [Plaintiff's] other "agreements."

(Apr. 14, 2006 Order at 2-3 (citations omitted).)

On April 24, 2006, Plaintiff timely filed objections. For the reasons stated below, the objections are denied.

## DISCUSSION

### I. *Standard of Review*

This court reviews a magistrate judge's decision regarding non-dispositive pretrial matters under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Discovery matters generally are considered non-dispositive of litigation. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

An order is "clearly erroneous" only if a reviewing court, considering the entirety of the evidence, "'is left with the definite and firm conviction that a mistake has been committed'"; an order is "contrary to law" when it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)). This standard is "highly deferential," "imposes a heavy burden on the objecting party," and "only permits reversal where the magistrate judge abused his discretion." *Mitchell v. Century 21 Rustic Realty*,

233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002).

Because it is clear that a magistrate judge is best qualified to "judge the entire atmosphere of the discovery process," *Bogan v. Northwestern Mut. Life Ins. Co.*, 144 F.R.D. 51, 53 (S.D.N.Y. 1992), his discovery-related rulings are entitled to a particular deference. *See Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) ("Consistently, it has been held that a magistrate's report resolving a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion.").

## II.     *The April 14, 2006 Order is not Clearly Erroneous or Contrary to Law*

In objecting to the April 14, 2006 Order, Plaintiff raises several arguments. The Court will address them in turn.

### A.     *Plaintiff's Arguments Under Federal Rule of Civil Procedure 26(b)(1) and FRE 408*

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides, in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). FRE 408 provides that settlement agreements are not admissible to prove liability or damages.

Plaintiff argues that although *licenses* may be relevant for some purposes, because Plaintiff "has stated in its discovery responses that all of its agreements about the patents at issue are *settlement agreements*" (Pl.'s Objections at 3 (emphasis added)), which are inadmissible under FRE 408 to prove damages and/or liability, any discovery related thereto cannot be relevant or reasonably likely to lead to the discovery of admissible evidence under Rule 26(b)(1).

4

Plaintiff further contends that Defendant seeks these so-called settlement agreements for an improper purpose, viz. so that it can improperly limit Plaintiff's damages in this case to the amounts provided for in these agreements.

The premise of Plaintiff's objection – that these documents will be inadmissible at trial pursuant to FRE 408 – is, as Judge Wall correctly pointed out, premature and irrelevant to the question of discoverability before the Court. "While Rule 408 of the Federal Rules of Evidence limits the introduction at trial of evidence regarding settlement negotiations, this rule does not itself govern discovery." *Burda Media, Inc. v. Blumenburg*, No. 97 Civ. 7167, 1999 WL 413469, at *3 (S.D.N.Y. June 21, 1999) (*citing United States v. Barrier Indus., Inc.*, No. 95 Civ. 9114, 1997 WL 97842, at *2 (S.D.N.Y. Mar. 5, 1997)); *see also In re Initial Pub. Offering Sec. Litig.*, No. 21MC92, 2004 WL 60290, at *4 (S.D.N.Y Jan. 12, 2004) ("While Rule 408 is the only federal rule to address settlement material, it is a rule governing the admissibility of evidence, not the discovery of relevant information prior to trial."). Instead, settlement agreements are governed by Rule 26, which allows discovery thereof so long as such disclosure "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also In re Initial Pub. Offering Sec. Litig.*, 2004 WL 60290, at *4 ("Rule 408 does not bar discovery of offers of settlement under Rule 26, so long as the settlement material may reasonably lead to the discovery of admissible evidence."); *Johnson Matthey, Inc. v. Research Corp.*, No. 01-CV-8115, 2003 WL 24136087, at *3 (S.D.N.Y. June 16, 2003) ("Rule 408 governs only the admissibility of evidence at trial. . . . A party's entitlement to pretrial disclosure of information concerning a settlement consequently must instead be weighed against the requirements of Rule 26(b)(1).").

Here, although Plaintiff claims that all of these agreements are settlement agreements and

not licenses, Judge Wall found Plaintiff's characterization questionable in light of Plaintiff's prior representations to the contrary. (*See* Mar. 25, 2004 Gerald J. Weinberger Letter at 4 ("Our past 'licensing' practice has been to grant Covenant Not To Sue ('CNS') agreements and not formal licenses, in exchange for one-time payments.").) In this regard, Judge Wall noted that "'settlement of patent litigation may be functionally identical to a license.'" (Apr. 14, 2006 Order at 3 (quoting *In re Mahurkar*, 831 F. Supp. 1354, 1378 (N.D. Ill. 1993).) In other words, in "settling" claims with alleged infringers, it is of no import that Plaintiff may have styled its agreements as "covenants not to sue" rather than licenses because in the patent context, "[a] license may amount to no more than a covenant by the patentee not to sue the licensee for making, using or selling the patented invention." *Ortho Pharm. Corp. v. Genetics Inst. Inc.*, 52 F.3d 1026, 1031 (Fed. Cir. 1995). Accordingly, as Plaintiff concedes that "licenses may be relevant for some reasons" (Pl.'s Objections at 3),[1] the Court agrees with Judge Wall that it would be premature to make a determination as to the nature of Plaintiff's agreements and their admissibility at this juncture.[2] The Court therefore finds that Judge Wall's determination that Defendant has made the minimal showing of relevance required under Rule 26 is not clearly

---

[1] As noted in Defendant's opposition brief, licenses are relevant to show the validity of a patent as they represent an industry's acquiescence to the patent. (Def.'s Mem. at 10.)

[2] In fact, as noted by Judge Wall, Plaintiff itself put these documents at issue by relying on them to bolster its claim that its patents are universally accepted. *See, e.g.*, *Tribune Co. v. Purcigliotti*, No. 93 CIV. 7222, 1997 WL 10924, at *8 (S.D.N.Y. Jan. 10, 1997) (finding that settlement discussions may not be used as both a "sword" and a "shield"; ordering discovery regarding previous settlement negotiations because they had been relied upon and put in issue by the party opposing discovery).

erroneous or contrary to law.[3]

### B. Public Policy Concerns Do Not Dictate Reversal of the April 14, 2006 Order

Plaintiff also argues that Judge Wall's Order violates the strong public policy favoring the secrecy of settlement agreements. In this regard, Plaintiff contends that some courts have gone so far as to recognize the "existence of a settlement privilege" which Judge Wall's Order allegedly violates. Plaintiff's argument is primarily based on *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003), wherein the Sixth Circuit recognized such a privilege under FRE 501, which authorizes federal courts to create new evidentiary privileges pursuant to common law.

Because Plaintiff did not raise this specific argument before Judge Wall, the Court is not required to entertain it. *See, e.g.*, *Orix Fin. Servs., Inc. v. Thunder Ridge Energy, Inc.*, No. 01 Civ. 4788, 2006 WL 587483, at *4 (S.D.N.Y. Mar. 8, 2006) ("The Court need not consider at the objection stage any legal argument not presented to the Magistrate Judge.") (citations omitted).

---

[3] Plaintiff's citation to *Bottaro v. Hatton Assocs.*, 96 F.R.D. 158 (E.D.N.Y. 1982) for the proposition that "there should be no 'discovery into the terms of [a settlement agreement] based solely on the hope that it will somehow lead to admissible evidence on the question of damages'" (Pl.'s Objections at 3 (quoting *Bottaro*, 96 F.R.D. at 160)) is misplaced. As an initial matter, the Court has already found that the agreements are relevant for reasons other than those relating to damages. Moreover, to the extent the *Botarro* court may have applied a heightened standard to the discoverability of settlement agreements by requiring a "particularized showing of a likelihood that admissible evidence will be generated," this result is contrary to Rule 26 which permits discovery of any relevant information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also ABF Capital Mgt. v. Askin Capital Mgt.*, Nos. 96 Civ. 2978, 95 Civ. 8905, 97 Civ. 1856, 97 Civ. 4335, 98 Civ. 6178, 98 Civ. 7494, 2000 WL 191698, at *1 (S.D.N.Y. Feb. 10, 2000) ("Prevailing authority within this Circuit holds that the discovery of settlement-related information is governed by [Rule 26(b)(1)], and that no heightened showing of relevance need be made in order to justify the disclosure of a settlement agreement."); *Salgado v. Club Quarters, Inc*., No. 96 Civ. 383, 1997 WL 269509, at *1(S.D.N.Y. May 20, 1997) (holding that no privilege attaches to settlement agreements and that no heightened showing need be made to justify discovery of settlement agreement[s]).

Nonetheless, even if plaintiff had raised this argument before Judge Wall, it would not provide a clear basis for deciding the issue differently.

As noted above, the precise nature of the agreements is at issue. Although Plaintiff now claims they are all settlement agreements, Plaintiff, which itself put these documents at issue, at one point characterized them as licenses. Moreover, although the Sixth Circuit may have recognized a settlement privilege under federal law, other "courts have generally declined to recognize a privilege that would preclude discovery for the purpose of settlements or settlement negotiations," *Newman & Assocs. v. J.K. Harris & Co., LLC*, No. 04CV9264, 2005 WL 3610140, at *2 (S.D.N.Y. Dec. 15, 2005) (collecting cases), including the lower courts in this Circuit as well as other Circuit Courts of Appeals. "This outcome is not surprising in view of the fact that Rule 408 explicitly authorizes the admission of statements made in the course of settlement discussions for a number of purposes and excludes their introduction only for the purpose of proving liability or the amount of damages." *Id.*

In sum, Plaintiff has presented no persuasive argument that Judge Wall's April 14, 2006 Order was either clearly erroneous or contrary to law. Accordingly, Plaintiff's objections are denied.

## *CONCLUSION*

For all of the above reasons, Plaintiff's objections are denied (doc. # 54) and Judge Wall's April 14, 2006 Order is affirmed in its entirety. Pursuant thereto, Plaintiff is directed to produce all documents concerning any licenses, settlement agreements, covenants not to sue, or any other agreements concerning either or both of the patents at issue on or before October 30,

2006.

**SO ORDERED**.

Dated: October 20, 2006
      Central Islip, New York  /s_____
Denis R. Hurley
United States District Judge