UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RATES TECHNOLOGY INC.,

                      Plaintiff,                      **ORDER**
    vs.                                       05-CV-3583 (DRH) (WDW)

CABLEVISION SYSTEMS CORP.,

                      Defendant.
-----------------------------------------------------------X

**A P P E A R A N C E S :**

**BURKE, WILLIAMS & SORENSEN LLP**
Attorney for Plaintiff
444 South Flower Street, Suite 2400
Los Angeles, CA 90071
By: James B. Hicks, Esq.

**GOODWIN PROCTOR LLP**
Attorney for Defendant
599 Lexington Avenue
New York, NY 10022
By: Benjamin Hershkowitz, Esq.

**HURLEY, District Judge:**

## BACKGROUND

By Order dated April 14, 2006, Magistrate Judge William D. Wall directed plaintiff Rates Technology Inc. ("Plaintiff") to produce any licenses, settlement agreements, covenants not to sue, and other agreements between Plaintiff and various non-parties concerning both of the patents at issue in this case. Upon Plaintiff's appeal, this Court affirmed Judge Wall's Order in its entirety, *see* October 20, 2006 Memorandum of Decision and Order (the "October 20, 2006 Order"), and gave Plaintiff ten days to produce the relevant documents.

Thereafter, Plaintiff moved for certification of this Court's October 20, 2006 Order so that it could seek an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). By Order dated

November 16, 2006, this application was denied. Accordingly, Plaintiff was once again directed to produce the relevant documents, on an "attorneys' eyes only" basis, on or before December 1, 2006.

Plaintiff now requests that the production of the documents be stayed and states that it "does not intend to produce these documents, even if this case is dismissed as a result." (Letter by James B. Hicks, dated Nov. 16, 2006, at 2.) By Order dated November 17, 2006, the Court directed defendant Cablevision Systems Corp. ("Defendant") to respond to Plaintiff's most recent application. Defendant responded by letter dated November 21, 2006, and Plaintiff replied by letter dated November 27, 2006. The matter is now ripe for the Court's consideration.

## DISCUSSION

In moving for a stay, Plaintiff advances several arguments, none of which has any merit. First, Plaintiff argues that all of the previous orders are invalid insofar as each one failed to balance the concerns underlying Federal Rule of Evidence 408 with Federal Rule of Civil Procedure 26 ("Rule 26"), a problem Plaintiff claims cannot be corrected at this level. In the October 20, 2006 Order, this Court found that such a balancing was not required pursuant to prevailing authority in this Circuit, which holds that the discovery of settlement-related information is governed solely by Rule 26. (*See* Oct. 20, 2006 Order at 7, n.3.) Nonetheless, to the extent a minority of the case law suggests that such a balancing is required, both this Court and Judge Wall have already found that the agreements are relevant to the extent they bear on the validity of the patents. Thus, even applying a heightened standard, such balancing would clearly dictate that the documents at issue should be subject to discovery.

Next, Plaintiff requests that the Court perform an in camera review of the documents prior to any production. Plaintiff has failed to proffer, however, any persuasive reason why such

review is warranted. Even assuming arguendo that the agreements are settlements and not licenses, this Court has already found that they are discoverable. As noted by Defendant, Plaintiff "does not explain what it expects this Court to see in the in camera inspection that will alter the decision that has already been rendered." (Letter by Benjamin Heshkowitz, dated Nov. 21, 2006, at 2 (emphasis deleted).) Accordingly, the Court declines to order an in camera review.

Finally, Plaintiff asserts that the Court's order violates its "constitutional Fifth Amendment rights" by compelling it to produce confidential documents. (Letter by James B. Hicks, dated Nov. 16, 2006, at 1.) None of the cases cited in support, however, support this proposition.[1]

## CONCLUSION

Plaintiff's request for a stay of the October 20, 2006 Order is denied. Plaintiff is directed to produce all documents concerning any licenses, settlement agreements, covenants not to sue, or any other agreements concerning either or both of the patents at issue, on an "attorneys' eyes only" basis, on or before December 11, 2006. Should Plaintiff indicate to the Court that it will not comply with this Order, Defendant shall promptly advise the Court how it wishes to proceed.

**SO ORDERED**.

Dated:   Nov. 30, 2006
        Central Islip, New York	/s
                                                          Denis R. Hurley
                                                          United States District Judge

---

[1] For example, Plaintiff cites *United States v. Tropiano*, 418 F.2d 1069 (2d Cir. 1969), for the general proposition that business and contract rights are property rights.