UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RATES TECHNOLOGY INC.,

                              Plaintiff,                    **ORDER**
                vs.                                05-CV-3583 (DRH) (WDW)

CABLEVISION SYSTEMS CORP.,

                              Defendant.
----------------------------------------------------------X
**A P P E A R A N C E S :**

**HICKS PARK LAW, LLP**
Attorney for Plaintiff
824 Wilshire Blvd., Suite 300
Los Angeles, CA 90017
By: James B. Hicks, Esq.

**GOODWIN PROCTOR LLP**
Attorney for Defendant
599 Lexington Avenue
New York, NY 10022
By:  Benjamin Hershkowitz, Esq.

**HURLEY, Senior District Judge:**

       Presently before the Court are the applications by Plaintiff Rates Technology Inc. ("Plaintiff") for: (1) certification of this Court's April 20, 2007 Order, which dismissed Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2)(C), so that it may seek an interlocutory appeal pursuant to 28 U.S.C. § 1292(b); and (2) permission to belatedly comply with previous Court orders -- but under Plaintiff's terms -- which directed Plaintiff to produce certain agreements, so as to avoid dismissal of its claims. (Letter by James B. Hicks, dated Apr. 26, 2007, at 4.)  For the reasons that follow, both of Plaintiff's applications are denied.[1]

---

[1] In making its determination, the Court has reviewed all of the letters that have been submitted by the parties to date relevant to the instant applications.

## BACKGROUND

The events giving rise to Plaintiff's requests are set forth in great length in the Court's prior decisions, familiarity with which are assumed. Therefore, only those facts necessary for disposition of the instant motion will be recounted.

Plaintiff filed this patent infringement case on July 29, 2005, alleging, inter alia, that the sale of Optimum Voice, Optimum Online VoIP and voice messaging services by Cablevision Systems Corp. ("Defendant") infringed upon two of Plaintiff's patents. Plaintiff sought actual damages in the amount of $950 million and requested trebling to $2.85 billion under 35 U.S.C. § 284.

By Order dated April 14, 2006, Magistrate Judge William D. Wall directed Plaintiff to produce any licenses, settlement agreements, covenants not to sue, and other agreements between Plaintiff and various non-parties concerning both of the patents at issue in this case on an "outside counsel eyes only." Upon Plaintiff's appeal, this Court affirmed Judge Wall's Order in its entirety and gave Plaintiff ten days to produce the relevant documents. (*See* October 20, 2006 Memorandum of Decision and Order.)

Thereafter, Plaintiff moved for certification of this Court's October 20, 2006 Order so that it could seek an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff also sought a stay of the October 20, 2006 Order. Plaintiff asserted that the "Magistrate's April 14 Order is flat-out wrong . . . and [that Plaintiff] would rather face terminating sanctions, and see this case dismissed, then produce confidential settlements in violation of its constitutional contract rights . . . ." (Letter by James B. Hicks, dated Oct. 24, 2006, at 1.) By Order dated November 16, 2006, the Court denied Plaintiff's application and extended the time within which Plaintiff was to produce the relevant documents to December 1, 2006.

Plaintiff then moved for a stay on the production of the documents, asserting that "Magistrate Wall's underlying order and this Court's October 20 and November 16 Orders are invalid" and that it "d[id] not intend to produce these documents, even if this case is dismissed as a result." (Letter by James B. Hicks, dated Nov. 16, 2006, at 2.) By Order dated November 30, 2006, the Court found that none of Plaintiff's arguments had "any merit" and denied Plaintiff's request for a stay. (Nov. 30, 2006 Order at 2, 3.) Plaintiff was again directed to produce all documents concerning any licenses, settlement agreements, covenants not to sue, or any other agreements concerning either or both of the patents at issue, on an "attorneys' eyes only" basis, on or before December 11, 2006. The Court noted that "[s]hould Plaintiff indicate to the Court that it will not comply with this Order, Defendant shall promptly advise the Court how it wishes to proceed." (*Id.* at 3.)

By letter dated December 5, 2006, Plaintiff "respectfully note[d] that the orders requiring it to produce these documents are defective" and indicated that "it does not intend to produce those settlement agreements, even if this case is dismissed as a result." (Letter by James B. Hicks, dated Dec. 5, 2006, at 1, 2.) Defendant responded by moving for a dismissal of Plaintiff's claims with prejudice, judgment on its counterclaims, and an award of attorneys' fees and costs.

By Order dated April 20, 2007, the Court dismissed Plaintiff's claims with prejudice pursuant to Rule 37(b)(2)(C), declined to grant Defendant judgment on its counterclaims, and found that Defendant was entitled to an award of attorneys' fees. The matter was referred to Magistrate Judge Wall for a report and recommendation on the proper amount of attorneys' fees to be awarded.

**DISCUSSION**

**I.** *Plaintiff's Motion for Certification of this Court's April 20, 2007 Order is Denied*

Pursuant to 28 U.S.C. § 1292(b), certification is appropriate only where the district judge finds that the order sought to be appealed from involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Second Circuit has "repeatedly cautioned, however, [that] use of this certification procedure should be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (citations and internal quotation marks omitted).

Plaintiff argues that certification is appropriate because appellate review will "'advance the ultimate resolution of the litigation.'" (Letter by James B. Hicks, dated Apr. 26, 2007, at 3 (citation omitted).) Although this may or may not be true, as the Court found in its November 16, 2006 Order, Plaintiff has failed to demonstrate that the order from which it wishes to appeal from involves "a controlling question of law as to which there is substantial ground for difference of opinion." 12 U.S.C. § 1292(b). The fact that the Court has now dismissed Plaintiff's claims does not warrant a different result as there is no question that the Court was entitled to do so pursuant to Rule 37(b)(2)(C), which explicitly authorizes a district judge to dismiss a party's claims for failure to obey a discovery order. Accordingly, Plaintiff's request for certification is denied.

**II.** *The Court Rejects Plaintiff's Belated Attempts to Produce the Agreements with "Confidentiality Protections"*

More than one year after Magistrate Judge Wall directed Plaintiff to produce the

4

agreements at issue, after Plaintiff has declared several orders of this Court to be “invalid” and refused to comply with them, and after repeated invitations by Plaintiff to this Court to dismiss its claims, Plaintiff now asks this Court for “an opportunity to produce its agreements with appropriate protections” such as “having Cablevision and its counsel post a bond to protect against the risk of injury from [] disclosure.” (Letter by James B. Hicks, dated Apr. 26, 2007, at 5 (citation and internal quotation marks omitted).) Plaintiff cites no authority for the proposition that once a court has dismissed a case pursuant to Rule 37(b)(2)(C) for flagrant disregard of court orders, the party which has suffered dismissal may then avoid this sanction by subsequently complying with said orders. In fact, the position advanced by Plaintiff is contrary to the purpose and intent of Rule 37(b)(2)(C), which is to deter non-compliance with court orders. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (“[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.”); *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988) (affirming magistrate judge’s decision to award summary judgment against party who failed to comply with discovery orders: “[W]e wish to emphasize the importance we place on a party’s compliance with discovery orders. Such compliance is necessary to the integrity of our judicial process. A party who flouts such orders does so at his peril. If one suggests that our decision today is strong medicine, that is precisely what it is intended to be.”). Accordingly, the Court rejects Plaintiff’s eleventh hour attempt to salvage its case. *Cf.* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2291 (“Once a motion for sanctions under Rule 37(d) has been made, the delinquent party cannot

avoid the sanctions by then making the response to discovery requests that should have been made earlier.").

## CONCLUSION

For the foregoing reasons, Plaintiff's applications for: (1) certification of this Court's April 20, 2007 Order; and (2) permission to produce its agreements "with appropriate protections" are DENIED. Defendant is directed to advise this Court via letter, on or before August 10, 2007, as to whether it intends to pursue its counterclaims and, if so, why.

**SO ORDERED**.

Dated: August 1, 2007
       Central Islip, New York                      /s_____
                                                            Denis R. Hurley
                                                            United States District Judge